UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PETER MAYEN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN FLUKE, JASON RAVENSBORG, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>Respondents. | 4:21-CV-04145-KES<br><br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Docket No. 4 |

    This matter is pending before the court on the *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254 filed by Peter Mayen, an inmate at the Mike Durfee State Prison in Springfield, South Dakota. Docket No. 1. Mr. Mayen has filed a motion seeking appointment of counsel to represent him at the court's expense. Docket No. 4.

    "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature,

the Sixth Amendment right to counsel applicable in criminal proceedings does not apply.  Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2)  Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
>
> \*\*
>
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
>
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
>
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary.  Hoggard, 29 F.3d at 471 (citations omitted). In this case, it has not yet been decided whether an evidentiary hearing is warranted.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.  Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Here, as indicated by the court's order to show cause filed this same date, it appears Mr. Mayen's petition may be time-barred. Accordingly, it is hereby

ORDERED that Mr. Mayen's motion for appointment of counsel [Docket No. 4] is denied. Should the court determine at a later date that an evidentiary hearing will be necessary in this case, the court will appoint counsel to represent Mr. Mayen at that point.

DATED this 18th day of August, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge