UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PETER MAYEN, <br><br>                  Petitioner, <br><br>     vs. <br><br> WARDEN FLUKE, JASON RAVENSBORG, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; <br><br>                  Respondents. | 4:21-CV-04145-KES <br><br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 of Peter Mayen, a person incarcerated pursuant to a judgment of a South Dakota state court.  See Docket No. 1. After a preliminary review according to Rule 4 of the Rules Governing Habeas Cases, the court issued an order to show cause asking both parties to address why Mr. Mayen's petition should not be dismissed for untimeliness.  See Docket No. 7.  Mr. Mayen responded to the court's order to show cause.  See Docket No. 9.

Now pending is respondents' motion to dismiss Mr. Mayen's petition without holding an evidentiary hearing.  See Docket No. 11.  Mr. Mayen has not responded to the motion to dismiss.  This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C.

§ 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Mayen pleaded guilty to first-degree manslaughter in connection with the shooting and killing of his neighbor, Bruce Walters.  State v. Mayen, CR 11-6181, Second Judicial Circuit, at pp. 1, 41-49.  He was sentenced on November 6, 2012, to 80 years in the South Dakota State Penitentiary.  Id. at p. 345-46.[1] Mr. Mayen appealed to the South Dakota Supreme Court.  Id. at p. 347.

The appellate court affirmed Mr. Mayen's conviction and sentence on October 7, 2013.  State v. Mayen, Appeal No. 26575 (S.D. Oct. 7, 2013). Mr. Mayen had 90 days from that date to file a petition for a writ of certiorari before the United States Supreme Court.  SUP. CT. R. 13.  The deadline for Mr. Mayen to file a petition for certiorari was January 5, 2014.

Mr. Mayen filed his first state court habeas petition on April 13, 2016, more than two years after the expiration of the time for seeking a writ of certiorari.  Mayen v. Dooley, Civ. 16-919 at pp. 1-2 (Second Judicial Circuit). The state habeas court denied relief on May 1, 2020, but granted Mr. Mayen a certificate of probable cause.  Id. at pp. 297-305, 318.  Mr. Mayen then pursued an appeal of the denial of habeas relief to the South Dakota Supreme Court.  Id. at p. 322.  That court affirmed the trial court's denial of habeas relief on June 1, 2021.  Mayen v. Dooley, No. 29339 (S.D. Jun. 1, 2021)

---

[1] The written judgment was filed on November 14, 2012.

Mr. Mayen filed the instant petition for habeas relief pursuant to § 2254 before this court on August 17, 2021.  Docket No. 1.

Respondent now moves to dismiss Mr. Mayen's petition with prejudice because he failed to file the petition within the one-year statute of limitations. See Docket No. 11.  As indicated above, Mr. Mayen responded to the court's order to show cause, Docket No. 9, but has not filed a response to the respondent's motion to dismiss.  The time for filing a response has expired.

## DISCUSSION

### A.    Scope of a § 2254 Petition

A person incarcerated by a state who believes he is imprisoned in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to § 2254 petitions and constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005) (citing Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's]

3

precedent.*"* <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000).  A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly.  <u>Id.</u> at 411.  "Rather, that application must also be *unreasonable.*"  <u>Id.</u> (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met.  <u>Thatsaphone v. Weber</u>, 137 F.3d 1041, 1045 (8th Cir. 1998); 28 U.S.C. § 2254(e).  A federal habeas court must "more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair support' in the record."  <u>Marshall v. Lonberger</u>, 459 U.S. 422, 432 (1983).

**B.    Statute of Limitations Under AEDPA**

AEDPA contains a one-year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)    (1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).

5

The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mt. Pleasant Corr. Fac., 338 F.3d 851, 853 (8th Cir. 2003).

6

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances. Holland, 560 U.S. at 649-50. Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

The court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 547 U.S. 198, 209 (2006). The court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id.

The above law was reproduced in this court's order to show cause so that Mr. Mayen would know what the law was. See Docket No. 7. That order also notified Mr. Mayen that his petition could be dismissed for untimeliness if he

7

failed to satisfactorily explain why his petition was timely or why equitable tolling should be applied to his case.  Id.  Although Mr. Mayen filed a response to this court's order to show cause, in that response, he argues only the merits of his habeas claims.  He does not address the statute of limitations or equitable tolling.  See Docket No. 9.

It is clear that Mr. Mayen's § 2254 is untimely.  Under the above law, his AEDPA statute of limitations began running on January 5, 2014.  From that date, he had one year—until January 5, 2015—to file his federal habeas petition or to file a state habeas petition and thus toll the running of his AEDPA statute of limitations.  28 U.S.C. § 2244(d).  He did neither.  Instead, Mr. Mayen filed a state habeas petition over two years later on April 13, 2016, but, by then, his federal AEDPA limitations period had already expired.  Because the AEDPA limitations period had already expired, the state habeas petition could not act to toll the federal limitations period.  Curtiss, 338 F.3d at 853 (filing of state habeas petition could not toll AEDPA limitations period where AEDPA limitations period had already expired before the filing of the state petition).

In addition, Mr. Mayen does not address equitable tolling at all.  It is his burden to establish that extraordinary circumstances outside his control caused him to wait over two years before filing his state habeas petition and that he acted diligently in pursuing his rights.  Holland, 560 U.S. at 649.  Mr. Mayen makes neither showing.  Accordingly, the court concludes his § 2254 petition should be dismissed with prejudice as untimely.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 11] and dismissing Mr. Mayen's § 2254 petition with prejudice as untimely.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of December, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge